W. W. Long and Isaac Jarratt were administrators on the estate of L. Lynch, and Isaac Jarratt, as surviving administrator, took from Elizabeth Lynch, for personal property purchased at the sale of the said L. Lynch, the bond of $448.25 declared on, and was charged with the amount of the sale of said personal property, including that for which said bond was given, in the account and settlement in the suit brought by P. A. Wilson, administrator de bonis non of L. Lynch, against I. A. Jarratt, administrator of Isaac Jarratt, former administrator of L. Lynch, referred to below. *Page 339 
Elizabeth Lynch was the widow and one of the distributees of (423) the said Lynch, and died, in 1877, without paying said bond, and defendant was appointed her administrator.
Isaac Jarratt died in 1880, not having closed up the administration of the estate of L. Lynch, and the plaintiff qualified as his administrator.
P. A. Wilson was appointed and qualified as administrator de bonis non
of L. Lynch, and brought suit against the said I. A. Jarratt, administrator of Isaac Jarratt, for an account and settlement of the estate of L. Lynch, in the hands of the former administrators, W. W. Long and Isaac Jarratt, and Isaac Jarratt, surviving administrator, and the cause was referred to I. N. Vestal, as referee, to take and state an account, and the records in the case show an account to have been taken and stated, and report made in favor of P. A. Wilson, administrator de bonis non of L. Lynch, for $2,500, and at Spring Term, 1884, of Yadkin Superior Court, the following judgment was signed by Gilmer, J.:
"This cause coming on to be heard before his Honor, John A. Gilmer, judge presiding at Spring Term, 1884, of The Superior Court of Yadkin County, upon the report of I. N. Vestal, referee, and it appearing to the court that no exceptions have been filed to the report:
"It is, therefore, on motion of counsel for the plaintiff, ordered and adjudged that the said report be in all things confirmed, and that the plaintiff recover of the defendant, I. A. Jarratt, administrator of Isaac Jarratt, deceased, the sum of $2,500 and the cost of this action, to be taxed by the clerk of this court, including the sum of $25, as an allowance to I. N. Vestal, referee, for taking and stating this said account."
The plaintiff introduced the following evidence, viz.:
1. The notes described in the complaint. The execution of the (424) notes sued on was admitted by the defendant on the trial.
2. The judgment docket, page 141, showing judgment copied above, and also the judgment roll containing record of the above action, entitled "P. A. Wilson, administrator de bonis non of Larkin Lynch, v. I. A. Jarratt, administrator of Isaac Jarratt, deceased, and others," and showing that the referee charged the defendant with the sales of the personal property of Larkin Lynch.
3. Cyrus B. Watson, witness for plaintiff, testified: "I was attorney for P. A. Wilson, administrator de bonis non of Larkin Lynch, v. I. A. Jarratt, administrator of Isaac Jarratt, former administrator of Larkin Lynch. W. B. Glenn and A. E. Holton, Esqs., were also counsel for Wilson with me. Defendant J. C. Lynch was one of the distributees of Larkin Lynch, and he and the other distributees of Larkin Lynch agreed to assist the administrator de bonis non in getting up evidence *Page 340 
and otherwise, and Wilson, administrator de bonis non of Larkin Lynch, was to bring suit and pay them a certain part of the recovery. Wilson and Gray and others held large judgments against Larkin Lynch's estate — more than ever satisfied. This suit was brought by P. A. Wilson, administrator de bonis non of Larkin Lynch, v. I. A. Jarratt, administrator of Isaac Jarratt, former administrator of Larkin Lynch; and the parties met two or three times to hear evidence, but, on account of the long lapse of time since Larkin Lynch's death, the death of W. W. Long and Isaac Jarratt, both the former administrators of Larkin Lynch, and the death of many witnesses, great difficulty was experienced in taking the account on both sides, and the suit was compromised and settled, pending the taking the account, by I. A. Jarratt, administrator, paying to the plaintiff $2,500, in full settlement of all claims against Isaac Jarratt, former administrator of Larkin (425) Lynch. Wilson, administrator de bonis non, was to have a judgment for $1,400 against one William A. Joyce, in name of Parratt, administrator of Lynch."
This judgment was afterwards collected by Wilson, administrator.
The receipt for the $2,500, dated 4 June, 1884, was shown to and read by Mr. Watson, to the jury. The $2,500 thus collected by Wilson. administrator, was paid out by him; the part due defendant J. C. Lynch and the other distributees was paid to them, and their receipts taken for the same. The settlement was fair and honest, and witness considered it a good compromise for Wilson, administrator, and the Lynch distributees. Defendant J. C. Lynch, and some of the others were present when the settlement was agreed upon, and all have since approved and ratified it and received some of the money.
Mr. Watson was shown and allowed, after objection by defendant, to read a letter written by him to J. C. Lynch, dated 12 September, 1884. Exception by defendant.
Defendant then introduced the following evidence:
P. A. Wilson, witness for defendant, testified: "I knew nothing of the notes in suit. Mr. J. C. Lynch told me of them, either before or after the compromise. I was the administrator de bonis non of Larkin Lynch. I had great difficulty in getting evidence. The suit by me against I. A. Jarratt, administrator of Isaac Jarratt, former administrator of L. Lynch, was compromised, by which I got $2,500 and the Joyce judgment. I paid out the money. Paid defendant and the other distributees of Larkin Lynch their part, and took receipts from all of them. I make no claim on these notes.
"Messrs. Watson Glenn and Mr. Holton were my counsel. The compromise was fair and honest, and I thought was an advantageous one for me." *Page 341 
The defendant and some of the other Lynch heirs were (426) present and agreed to the compromise, and all of them have received and receipted for their part of the money. By which compromise, settlement, judgment and payments, plaintiff alleges he became the owner of the $448.25, as the administrator of the said Isaac Jarratt. And there was no dispute at the trial as to the ownership of the other note, it being made payable to the said Isaac Jarratt individually.
His Honor intimated that he would instruct the jury that there was no evidence of fraud; that it was the duty of the administrator de bonis non
to complete the settlement of Lynch's estate, and his distributees must look to Wilson, administrator de bonis non, for settlement, and defendant could not attack the judgment in this action; whereupon, in deference to his Honor's opinion, defendant's counsel declined to introduce any other testimony, and the court instructed the jury to answer the issue in the affirmative.
There was a verdict and judgment for the plaintiff, from which the defendant appealed.
We were not favored with an argument by the appellant, but we have carefully perused the record and are unable to find any error.
His Honor was clearly right in intimating that he would instruct the jury that there was no evidence of fraud; that it was the duty of the administrator de bonis non to complete the settlement of Lynch's estate; that his distributees must look to Wilson, administrator de bonis non, for settlement, and that defendant could not attack the judgment in this action.
The exception to the witness Watson being permitted to testify to the contents of the letter written by him as the attorney of Wilson, to J. C. Lynch, is no ground for a new trial; as Wilson was afterwards placed upon the stand by the defendant, and testified substantially (427) to the same fact, to wit, that he made no claim upon the notes.
Granting that the ruling was erroneous, we cannot see how the defendant was, or might have been prejudiced thereby, and this must appear in order to justify the intervention of this Court.
No error. *Page 342